CITY OF KNOXVILLE *v.* AMBRISTER *et al.*

(*Knoxville,* September Term, 1953.)

Opinion filed December 11, 1953.

JOHN T. GILBERTSON and DOUGLASS & BOLT, all of Knoxville, for appellant.

BEN F. McAULEY, ANDERSON & ANDERSON, FERDINAND POWELL, JR., and THOMAS H. GOODMAN, all of Knoxville, for appellees.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This bill was filed by the City of Knoxville. The relief sought is (1) a decree declaring that a certain parcel of

land within the City had been dedicated to it for park and recreational purposes, or (2), in the alternative, "if the Court finds" there has been no dedication, then that defendants be required to convey the property to the City for park and recreational purposes "pursuant to complainant's acceptance of June 10, 1947, and demand of December 9, 1952". From the decree of the Chancellor, sustaining demurrers and dismissing the bill the City has appealed.

One of the two insistences made upon the appeal is that the Chancellor erred in not finding and judicially declaring that there had been a dedication of the strip of land involved. Whether or not there has been a dedication is a question of fact. Therefore, this demurrer should not have been sustained on the ground that there had been no dedication unless the only conclusion which reasonably may be reached from the allegations of the bill is to that effect, or that the alleged facts upon which reliance is had for dedication reasonably cannot be regarded as facts sufficiently clear, cogent and convincing to justify a court in finding that there had been a dedication. The effect of the statements contained in the bill are to be determined by this formula, the case being here on demurrer:

Certain persons, they being among the defendants to this suit, became interested in forwarding a multiple apartment building project upon certain real estate within the City of Knoxville. They contemplated ultimately a corporation, as the instrumentality through which the project would be accomplished and maintained. This real estate was owned by the Luttrell estate. Its beneficiaries also were defendants. The location of this land owned by the Luttrell estate was within an area in which multiple apartment buildings were forbidden by the zoning or-

dinance of Knoxville. Obviously, the promoters of this project could not go forward with their plans until and unless they were able to induce the city council to so amend its zoning ordinance as to permit the erection of these apartment buildings on this Luttrell estate land.

This land of the Luttrell estate adjoined a residential subdivision known as the "Lindbergh Forest Subdivision". As its first step in inducing the City Council to amend in the respects stated its zoning ordinance, those interested in the project designated as "Area No. 3" a portion of the Luttrell estate adjoining the Lindbergh Forest Subdivision. This portion was 200 feet wide and, presumably, ran the length of the Luttrell estate land. The City insists that the allegations of its bill now to be stated establish it as a fact that this strip of land known as "Area No. 3" was dedicated by its owners to the City for park and recreational purposes.

Application was made to amend the zoning ordinance in the respect mentioned. The city council appointed a committee to investigate and report. The attorney for the Luttrell estate wrote this committee a letter on June 9, 1947 wherein he said, in so far as pertinent to our inquiry, this:

"When the Luttrell Estate passes title to the Apartment corporation of the entire tract Area No. 3 will be, subject to the approval of Council, dedicated to the City for park purposes, or restricted for park purposes only to be maintained by the Apartment corporation. By the second statement we mean that this tract will not be used for anything except a grassed area or lawn to generally shield both Lindbergh Forest and the apartments."

It will be noticed that this proposal is in the alternative in that it is a proposal "subject to the approval of the

council'' at a specified future date (1) to dedicate Area No. 3 to the city for park purposes or (2) restrict the use of the area for park purposes only under the supervision of, and maintenance by, the apartment corporation. These alternative offers carry different rights and obligations upon the part of the City and of the apartment corporation, as is obvious upon the face of the proposal.

On June 10, the day after above letter was written, the attorney for the Luttrell estate wrote the City Council and proposed that ''in consideration of the rezoning'' of this Luttrell land

''the Luttrell Estate agrees that in the event the property rezoned by said Ordinance is conveyed to the Corporation which will develop and build the proposed Apartment units, that the deed will specifically provide that Area No. 3, as shown on the survey map attached to said Ordinance, shall, for a period of fifty (50) years from the date of said conveyance, be used only as a grassed plot or lawn area for recreational purposes to be maintained as such by said Corporation, and that said Area No. 3 shall be conveyed by the Corporation to the City of Knoxville for park or recreational purposes for use by the public and by the residents of the apartments, at any time within said fifty (50) year period that demand for said conveyance is made by the City of Knoxville.''

Summarized, this proposal is that if the city council will amend the zoning law so as to meet the wishes of the promoters of this project, then, if the property is ever thereafter conveyed to a corporation for the building of apartments thereon, the deed conveying it to such corporation will restrict the use of Area No. 3 to park and recreational purposes at the expense of the corporation, or at any time within 50 years after such conveyance the

6

corporation will, upon demand of the City, convey Area No. 3 to it for park purposes.

It is upon the stated contents of the two letters mentioned that the bill rests its assertion that Area No. 3 was dedicated to park and recreational purposes, these letters having been put upon the minutes, and the City having immediately thereafter amended the zoning ordinance in accordance with the proposal to that effect. Notwithstanding the fact that in this proceeding upon demurrer these letters should be given, in so far as possible, a construction favorable to the city, it is not possible, we think, to construe them as more than an agreement, in consideration of amending the zoning ordinance, to so dedicate Area No. 3 at some future date when and if the tract of which it is a part should be conveyed to a corporation for the development of the apartment building project contemplated. The language of both letters makes it clear that there will be no dedication of Area No. 3 unless the property is conveyed to an apartment corporation which will develop and build the proposed apartment units. Hence, it cannot be a fact that the contents of these letters amounted to a dedication or an intent to then dedicate Area No. 3 to public park purposes. Subsequent to the amendment of the zoning law there was no act upon the part of the Luttrell estate or their successors in title consistent with a dedication of this property for park and recreational purposes.

Since the allegations of the bill do not amount in law to a dedication, but only an agreement to dedicate in the future upon the happening of a certain event, and it being assumed that this event has now happened, the remaining question is whether the City of Knoxville is entitled in equity to a decree requiring compliance with this agreement by the defendant, appellee, Ambrister, who is

now the owner of Area No. 3 by quitclaim deed, he having acquired it with full knowledge of this agreement. The Chancellor held that Knoxville was not entitled to this relief, basing his conclusion upon the holding in *Osborne* v. *Allen,* 143 Tenn. 343, 226 S. W. 221.

In *Osborne* v. *Allen,* supra, Osborne gave the road commissioners of his county his note of $500, conditioned on their selecting a route which bordered his farm in the building of a public highway. The proceeds of this note were to go to the county highway fund. The road was built along that route pursuant to this agreement. This Court held that not only was the agreement a violation of the statute, but that it was an agreement contrary to public policy, in that it tended to improperly influence the discretion to be exercised by a public official in determining that which is for the best interest of the public whose servant he is; hence, that a court of equity would not lend its aid to either party seeking relief under such illegal agreement. Perhaps it is not amiss to repeat here, as this Court did in *Whitley* v. *White,* 176 Tenn. 206, 140 S. W. (2d) 157, 159, the following statement contained in *Osborne* v. *Allen,* to wit:

" 'Contracts made for the purpose of unduly controlling or affecting official conduct of the exercise of legislative, administrative and judicial functions, are plainly opposed to public policy. They strike at the very foundations of government and intend to destroy that confidence in the integrity and discretion of public action which is essential to the preservation of civilized society. The principle is universal and is applied without any reference to the mere outward form and purpose of the alleged transaction.' "

Solicitors for the City of Knoxville apparently concede the validity of the rule just stated. Their position is

that the facts of this case as they appear in the bill do not bring the case within the rule. That is the only determinative insistence which must yet be decided.

In the instant case the offer was to dedicate at a future date certain property in the City to public park purposes; or to convey it to the City for such purposes on condition that the City amend its zoning ordinance, a police measure, so as to meet the wishes of the offerors. Upon receipt of this offer the City Council did amend its zoning ordinance so as to meet those wishes. There seems to be no escape from the conclusion that the case falls within the facts of *Osborne* v. *Allen,* supra, and within the facts stated in the rule there applied. Hence, this illegal agreement will not be enforced at the instance of the City of Knoxville, who was a party to it.

Decree affirmed with costs adjudged accordingly.