247 A.2d 309.

ALBERT E. REARDON *vs.* THERON C. BROWN.
ELIZABETH M. REARDON *vs.* THERON C. BROWN.

NOVEMBER 8, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J.   These two actions of trespass on the case for negligence were brought by a husband and wife.   Although commenced prior to the adoption by the superior court of its new rules of civil procedure, the cases were tried subsequent to their effective date.   The wife seeks damages for personal injuries sustained as the result of a collision between a motor vehicle owned by her husband and operated by her and one driven by the defendant.   In his suit, husband seeks recovery for property and consequential damages.   Both cases were consolidated and tried by a justice of the superior court sitting without a jury.   A judgment was entered in each case for the defendant and the plaintiffs appealed this action.

The episode which gave rise to this litigation occurred in the city of Warwick on February 19, 1964.   At approximately 8:40 a.m., Mrs. Reardon drove out of the parking lot of a dry cleansing establishment located on the easterly

side of Warwick Avenue and attempted to make a left-hand turn into the southbound lanes of that public highway. Warwick Avenue is a four-lane road. Two lanes are for traffic heading north, the other two accommodate southbound traffic. Mrs. Reardon told the court that it was snowing heavily at this time.

The defendant was traveling northerly on Warwick Avenue in the lane which was closer to the southbound lanes. As he saw Mrs. Reardon executing her maneuver, he sounded his horn, applied his brakes and skidded on the snow-covered road into the left-front door of the Reardon automobile. There was a conflict in the testimony as to whether at the time of the collision the greater part of the Reardon vehicle had reached and was in the southbound lane which is closer to the center of the highway. A witness driving a car which was traveling in the same direction as defendant testified that as defendant's vehicle approached Mrs. Reardon, she attempted to accelerate, but her wheels, lacking traction, just spun around in the snow. He described the collision as occurring in defendant's lane.

In her direct testimony Mrs. Reardon said that the accident occurred some 250 to 300 feet north of the intersection of Warwick Avenue with Occupasstuxet Road. She related that she first saw defendant when he was 150 feet to her left. In cross-examination, however, the witness conceded that she was not very good at estimating distance. Indeed she made the following statement which may or may not go unchallenged by other females of the specie:

"I don't think anybody, especially a woman, can look at a distance and estimate how many feet it is. I can't."

For reasons which are not apparent in the record, defendant did not testify. A statement made by him a few days after the incident was introduced into evidence as an exhibit. In it defendant said that he was about 65 to 75 feet from the cleansing shop driveway when he observed the Reardon automobile slowly pulling out into the right north-

bound lane of Warwick Avenue. He estimated his speed at that time to be between 20 to 25 miles per hour. The defendant blew his horn and began applying his brakes. As plaintiff's car continued to cross into the left northbound lanes, defendant's wheels locked and his car slid into the crossing car.

In his decision, the trial justice reviewed the evidence and described Mrs. Reardon's dilemma as a "classic case of slippery highways." What prevented defendant from stopping, he observed, also prevented plaintiff from accelerating and getting out of the way. The trial justice further stated that there was no evidence of any negligent conduct on the part of defendant. He cited the case of *Peters* v. *United Electric Rys.*, 57 R. I. 311, 189 A. 901, wherein we said that the mere skidding of a motor vehicle in and of itself is not evidence of negligence.

We need cite no authority as we point to our long-standing rule that when litigants submit law and facts of a controversy to a trial justice sitting without a jury, his findings of fact are entitled to great weight and will not be disturbed unless they are clearly wrong. We have reviewed the instant record with this guiding principle in mind and find that the plaintiffs have fallen far short in their burden to show that the superior court's conclusion that the collision was caused by the weather conditions rather than the defendant's negligence was clearly wrong.

In each case, the plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Joseph E. Marran, Jr.*, for plaintiffs.

*Hinckley, Allen, Salisbury & Parsons, Thomas D. Gidley*, for defendant.