267 A.2d 700.

W. PAUL OURY *et ux. vs.* TIMOTHY J. GREANY *et al.*

JULY 23, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is an appeal from a Superior Court judgment entered pursuant to a decision of a justice of that court granting the plaintiffs' prayer for injunctive relief.

The record certified in connection with said appeal establishes that defendant, Dr. Timothy J. Greany, is the owner of a tract of land consisting of 7.32 acres on the westerly side of Tower Hill Road in the Town of North Kingstown, designated as lot 86 on assessors plat 85. The tract has a frontage on said Tower Hill Road of some 460 feet.

In 1947 the North Kingstown Town Council adopted a zoning ordinance by the provisions of which land fronting on Tower Hill Road for a distance of approximately one mile was zoned residential. The January 1948 session of the General Assembly enacted a special enabling act for the Town of North Kingstown (1948 Acts and Resolves, chap. 2079). By section 11 of this chapter the General Assembly ratified the pre-existing 1947 ordinance. However, as in the case of now G. L. 1956, chap. 24 of title 45, (the general enabling act relating to zoning) North Kingstown's special act expressly requires that amendments, like an original ordinance, shall be enacted only in accordance with a comprehensive plan.

South of this one-mile strip, however, Tower Hill Road is zoned business, but when so zoned is not apparent from the record. Further, when the mile stretch of Tower Hill Road was originally zoned residential, there were several nonconforming uses within the zone. During the 21 years which elapsed from the enactment of the original ordi-

nance in 1947 to the fall of 1968, when the instant litigation commenced, all but one of the nonconforming uses were, apparently at divers times, rezoned as business "D." The one exception is the Belleville Inn, so-called, which abuts Greany's property to the north. Moreover, during the same 21-year period, only one lot originally zoned residential was rezoned to business "D."

In any event, on October 28, 1968, the North Kingstown Town Council held a public hearing on Greany's application to have his seven and one quarter acres rezoned to business "D." It appears that the request to have the property rezoned was made for the express purpose of devoting the land to an automobile sales agency. The record before us does not contain a transcript of the October 28, 1968 hearing. However, it appears from the evidence adduced in the Superior Court that Dr. Greany's application was referred to the North Kingstown Planning Board which returned it with a recommendation that the application be granted.

At the close of the October 28, 1968 hearing, the town council did approve the application. So doing, it appears from the record before us, the town council adopted the following resolution:

> "At the second regular monthly meeting of the Town Council of the Town of North Kingstown held on Monday, October 28, 1968, *IT WAS VOTED* that the change of zone on the petition of Timothy J. Greany, Lot 86, Plat 85, be granted. *FURTHER VOTED* that the property be re-zoned to the present zoning if this specified car sales building, is not built."

On November 25, 1968, plaintiffs commenced a civil action in the Superior Court for Washington County naming Dr. Greany, the town manager, the town council and the building inspector as defendants. In their complaint, plaintiffs alleged that they were presently the owners of lot 28 on assessors plat 86 which property is located on the

easterly side of Tower Hill Road almost diagonally across from Dr. Greany's land. Their complaint prays that each and all defendants be temporarily and permanently enjoined from taking any action that would permit the use of Dr. Greany's land from any other than that for which it was originally zoned, namely residential "B." Stated otherwise, plaintiffs were invoking the equity jurisdiction of the Superior Court to have the action of the town council rezoning the Greany land to be declared null and void. See *R. I. Home Builders, Inc.* v. *Hunt,* 74 R. I. 255, 60 A.2d 496.

At the hearing on their complaint in the Superior Court, plaintiff, W. Paul Oury, established that he and his wife owned the land situated in the residential "B" district and lying almost diagonally easterly of the subject tract. Moreover, he testified at some length to all of the reasons that prompted him and his wife to seek judicial review of the town council's action. However, in the view we take of the trial justice's decision, this testimony is immaterial.

Acknowledging that the rezoning in question was valid only if it were done in accordance with a comprehensive plan, several witnesses were called to testify in support of the town council's action. These included defendant Philip E. Kettell, president of the town council and Harry M. Baker, chairman of the North Kingstown Planning Commission. It is the essence of their testimony that the 1947 zoning ordinance, although placing Dr. Greany's land in a residential "B" district, nevertheless comprehended subsequent rezoning to business "D" when and if requested by the owner or owners of land lying within this residential district. The Planning Commission chairman testified, in substance, that all owners of land lying within the residential zone in question were aware of this policy and knew that, on request, the planning commission would recommend rezoning from residential "B" to business "D."

Philip E. Kettell, town council president, testified in corroboration of the planning commission's chairman's testimony. He stated that the comprehensive plan was kept flexible so that "we can more or less play by ear."

In a discursive rescript, the trial justice faulted the town council's action on several grounds. First, from a painstaking review of the business and/or commercial vis-à-vis residential sections of North Kingstown at the time the 1947 ordinance was enacted, he found that the several zone districts created by that ordinance demonstrated that the original ordinance was enacted in compliance with that comprehensiveness contemplated in the enabling act, and that the clear-cut plan, pursuant to which the 1947 ordinance was enacted, did not comprehend that the subject zone, although delineated residential "B," was in fact to be re-zoned to business "D" at the request of individual property owners. Moreover, he pointed out that a flexible comprehensive plan, such as the planning commission's chairman believed to exist, if conceived in 1947, might, with the passing of time, make rezoning of a given district thereunder contrary to the public interest, and as such an invalid exercise of the police power. See *Hadley* v. *Harold Realty Co.*, 97 R. I. 403, 198 A.2d 149.

Be that as it may, the trial justice also based his decision on an inference that the vote to rezone Dr. Greany's land was made not in accordance with the comprehensiveness contemplated in the enabling act, but was rather an accommodation to an individual property owner whereby such owner might devote his land to a more lucrative use. He drew this inference from the fact of the town council's qualified approval.

It is well settled that a reasonable inference from established facts is evidence and that such an inference should be considered and given effect by the trier of facts. *Valente* v. *Bourne Mills*, 77 R. I. 274, 75 A.2d 191. Equally

432

fundamental is the rule that when the parties submit their controversy to a trial justice sitting without a jury, his decision will not be disturbed by this court unless clearly wrong. *Reardon* v. *Brown,* 104 R. I. 582, 247 A.2d 309; *McConnell* v. *Golden,* 104 R. I. 657, 247 A.2d 909.

No extended argument is required to demonstrate that the rezoning of residential property to a business use on the condition that the land rezoned shall be devoted exclusively to the business use for which application to rezone was made, or otherwise remain residential, constitutes zoning without regard to the public health, safety and welfare, concern for which is basic to that comprehensiveness contemplated in the enabling act.

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*James P. Flynn,* for plaintiffs.

*Leo M. Cooney,* for defendant.