QUESTION: Is Indian River County Ordinance 71-3, as amended by Indian River County Ordinance 73-3, a valid county zoning ordinance?
SUMMARY: A zoning ordinance which conditions the rezoning of property upon the issuance of a building permit or the completion of construction on the property is an invalid form of conditional zoning. The zoning ordinance, as set out in full, reads: (C) Permit: When a person requests a change in zoning of any district, then the requested change if granted, shall be contingent upon the applicant obtaining a permit for the proposed construction within six (6) months and completing the construction within one year from the date of such change, or the Board of County Commissioners may rezone the property to the original zoning. This ordinance falls within the general definition of conditional zoning. Conditional zoning, or a variation thereof, is often confused with contract zoning, a different type of zoning which has previously been declared invalid by the Florida Supreme Court, see Hartnett v. Austin, 93 So.2d 86 (Fla. 1956), as well as six of the other twelve state courts which have also passed on the validity of such zoning ordinances. See also Houston Petroleum Co. v. Automotive Prods. Credit Ass'n., 87 A.2d 319 (N.J. 1952); Allred v. City of Raleigh, 178 S.E.2d 432 (N.C. 1951); Oury v. Greany, 267 A.2d 700
(R.I. 1970); City of Knoxville v. Armbrister, 263 S.W.2d 528
(Tenn. 1953); Coston v. Upper Merion Township, 88 Montg. Co. L.R. 383 (Ct. Quarter Session 1965), appeal quashed, 255 A.2d 565 ( Pa. 1969). Additionally, the Supreme Court of Mississippi has stated in dictum that conditions and limitations may not be imposed on the rezoning of property. Lewis v. City of Jackson, 184 So.2d 384
(Miss. 1966). However, a later case, Yates v. Mayor and Commissioners, 244 So.2d 724 (Miss. 1971), receded from Lewis by allowing some restrictions if contained within the zoning ordinance. The term "conditional zoning" can only be properly applied to a situation in which a zoning ordinance is passed upon condition that a landowner perform a certain act prior to, simultaneously with, or after the passage of the zoning ordinance. Note, Contract and Conditional Zoning — A Tool for Zoning Flexibility, 23 Hastings L. J. 825, 831 (March 1972). Thus, the effectiveness of the ordinance is conditional upon the landowner's act. A conditional zoning ordinance is easily recognized and distinguished from contract zoning by the presence of one of the following provisions: Either the rezoning becomes effective immediately with an automatic repealer if specified conditions are not met within a certain time or the zoning becomes effective only upon the conditions being met within a time limit. State ex rel. Zupanic v. Schimenz, 174 N.W.2d 533, 537 (Wis. 1970), citing, Schaffer, Contract and Conditional Rezoning, Vol. 11, The Practical Lawyer, p. 43; 5 McQuillin, Municipal Corporations, s. 15.41 (rev. vol. 1969). But see 1 Anderson, American Law of Zoning, ss. 8.20, 8.21 (1968). The zoning ordinance in the instant case, which contains the provision that a construction permit be obtained within six months and construction completed within a year of the rezoning, clearly falls within the latter type of conditional zoning discussed above. Since no Florida court has directly passed on the issue of the validity of a conditional zoning ordinance as presented by your question, an examination of other courts which have ruled on such ordinances is in order. In Stritz v. Stritz, 210 N.Y.S.2d 325 (Sp. Term 1960), the court held that a town board could not, by resolution granting the original change of zoning classification, provide for reversion of property to a former classification in event construction was not commenced on the property within a prescribed time limitation. The court in Voight v. Saunders, 243 P.2d 654 (Okla. 1952), likewise held that a municipality is without authority to enact zoning amendments without hearings thereon, where the procedure permitting the amendments without prior hearing was prescribed in a covenant limiting the time in which construction was to be commenced and imposed in a resolution granting an application for rezoning. (Additionally, the court in Lewis v. City of Jackson, supra, stated in dictum that a zoning ordinance which provided that unless construction work was begun within two years, the rezoned property would automatically revert to a former classification, was an indication that no reason existed to rezone in the first instance.) I have been unable to find any case which has upheld a zoning ordinance which is conditional upon the issuance of a building permit or the completion of construction. For various reasons, the courts have uniformly held that such ordinances are invalid. Accord: Treadway v. City of Rockford, 182 N.E.2d 219, 224
(Ill. 1962); AGO 072-104, ruling that a county zoning ordinance may not validly provide for automatic reversion to the previous zoning if no use under the new zoning is made within one year after the zoning change is granted. For instance, conditional zoning which affects property's use has been said to violate uniformity requirements contained in comprehensive zoning plans, Scrutton v. County of Sacramento, 70 Cal.Rptr. 872, 877 (Ct.App. 1969), and, thereby constitutes zoning without regard to public health, safety, and welfare. Oury v. Greany, supra, at 702. Courts have also found fault with such ordinances on the grounds that the procedural requirements of notice and hearing before the rezoning may occur are not followed by the governing body. Stritz v. Stritz, supra; Voight v. Saunders, supra. Most persuasive, however, is the argument that the rezoning feature of such ordinances, if certain conditions are not met within a prescribed time limit, demonstrates that no reason existed to rezone the property in the first instance. Lewis v. City of Jackson, supra, at 388. Cf. Hartnett v. Austin, supra. Assuming that the initial rezoning of the property conforms such property to the surrounding area and is valid, property owners have a right to rely on the continuation of such zoning unless there is shown a genuine change in the area that would justify the later rezoning. See 35 Fla. Jur., ss. 20 and 21, p. 717. Therefore, I am of the opinion that an ordinance which conditions rezoning of property upon issuance of building permits or the completion of construction is an invalid form of conditional zoning.