HYMAN SEIF, Respondent, *v.* CITY OF LONG BEACH, Appellant.

Argued May 26, 1941; decided July 29, 1941.

*Bernard H. Reich,* Corporation Counsel (*Frederick E. Crane* of counsel), for appellant. The plaintiff's assignor is chargeable with knowledge that the Mayor in employing him had no authority to bind the city, and hence there can be no ratification by mere knowledge of the illegal employment and failure to repudiate the same. (*N. Y. Rubber Co.* v. *Rothery,* 107 N. Y. 310; *Trenton Banking Co.* v. *Duncan,* 86 N. Y. 221; *Wiser* v. *Lawler,* 189 U. S. 260; *McDonald* v. *Mayor,* 68 N. Y. 23; *Miller* v. *Mayor,* 3 Hun, 35; *Higginson* v. *Fall River,* 226 Mass. 423; *Heaton* v. *City of Cohoes,* 270 N. Y. 222; *Lyddy* v. *Long Island City,* 104 N. Y. 218; *Konnoson* v. *City of New York,* 254 App. Div. 378; 281 N. Y. 716; *Keane* v. *City of New York,* 88 App. Div. 542; *Walton* v. *Mayor,* 26 App. Div. 76; *Smith* v. *City of Newburgh,* 77 N. Y. 130.)

*Louis Boehm* and *Samuel Zeiger* for respondent. The Common Council had power to retain special counsel, in the absence of any charter provision prohibiting such employment. (*Matter of Clark* v. *Smith,* 250 App. Div. 233; 276 N. Y. 473; *Judson* v. *City of Niagara Falls,* 140 App. Div. 62; 204 N. Y. 630; *Stout* v. *City of Bayonne,* 15 N. J. Misc. 672; 120 N. J. L. 242; *City of Birmingham* v. *Wilkinson,* 194 So. Rep. 548; 17 Ruling Case Law, 774; 83 A. L. R. 137; *Matter of W. S. A. & P. R. R. Co.,* 115 N. Y.

442; *Easton* v. *Pickersgill,* 55 N. Y. 310; *Town of Amherst* v. *County of Erie,* 236 App. Div. 58; 260 N. Y. 361.) The Council's knowledge of, and acquiescence in, the performance of the services, and the defendant's acceptance of the benefits thereof, constitute a ratification of the attorney's retention as binding as though originally authorized by formal resolution. (*Peterson* v. *Mayor,* 17 N. Y. 449; *Vermeule* v. *City of Corning,* 186 App. Div. 206; 230 N. Y. 585; *People ex rel. Griffiths* v. *Board of Supervisors,* 143 App. Div. 722; *Fister* v. *La Rue,* 15 Barb. 323; *Matter of Christey,* 92 Misc. Rep. 1; *Bourejois* v. *Atlantic County,* 82 N. J. L. 82; *Ballagh Realty Co.* v. *Borough of Dumont,* 111 N. J. L. 32; *City of Logansport* v. *Dykeman,* 116 Ind. 15; *City of Sagamore* v. *Consumers Power Co.,* 213 Mich. 460; *Stout* v. *City of Bayonne,* 15 N. J. Misc. 672; 120 N. J. L. 242; *Montgomery* v. *Cheyenne County High School Dist.,* 78 Col. 162; *Day* v. *City of Malvern,* 195 Ark. 804; *Fleming* v. *Village of Suspension Bridge,* 92 N. Y. 368.) Special counsel is neither an officer, deputy or employee of the city. The retention of special counsel did not require an ordinance of the Council by a four-fifths vote. Nor did it require a resolution fixing his compensation. (*New Farley Nat. Bank* v. *Montgomery Co.,* 17 Ala. 297; *Wellman* v. *Reilly,* 81 N. H. 389; *Matter of Clark* v. *Smith,* 250 App. Div. 233; 276 N. Y. 473; *Coggeshall* v. *Hennessey,* 279 N. Y. 438.)

LEHMAN, Ch. J. The plaintiff, as assignee of Louis Boehm, has recovered a judgment for $12,000, together with interest and costs, for services rendered by Mr. Boehm acting as attorney and special counsel for the defendant City of Long Beach. He was retained in April, 1934, by the Mayor of the city to represent the city in litigation which he advised the Mayor to bring for the protection of the interests of the city. The city does not question that he thereafter rendered legal services with skill and that the city received the benefit of these services. It does not now claim the judgment is excessive as matter of law or other-

wise erroneous, if the city is liable for the reasonable value of services rendered by an attorney at the instance of the Mayor. It denies liability on the ground that the Mayor has no authority to retain special counsel.

The Charter of the City of Long Beach (L. 1922, ch. 635) contains no provision which expressly or by fair implication confers such authority upon the Mayor of the city. The trial judge so charged. Only the City Council has power to establish positions in the city service or to authorize the employment of special counsel to represent the city in specified matters, either alone or in association with the Corporation Counsel. The City Council has adopted no ordinance or resolution authorizing the Mayor to retain Mr. Boehm or other special counsel, but the plaintiff urges, and the jury has found, that the Council, or at least four-fifths of the members of the Council, had knowledge that Mr. Boehm was retained by the Mayor as special counsel and was performing services for the benefit of the city. That with such knowledge the Council did not object or protest but acquiesced in the performance of such services by Mr. Boehm and that by its conduct the Council has ratified the retainer and has estopped the city from challenging its legality or denying liability for the value of the services rendered by Mr. Boehm.

The City Council has five members — the Mayor, the Supervisor, and three men elected as Councilmen. There is evidence which is probably sufficient to support a finding that four members of the Council knew that Mr. Boehm, at the instance of the Mayor, was rendering legal services for which he expected to be paid. As attorney for the city, Mr. Boehm instituted legal proceedings to compel the Board of Supervisors of Nassau County, sitting as a Board of Equalization, to exclude from the total assessed value of property in the city of Long Beach, for the purpose of tax equalization, real property valued at approximately $5,000,000, which had been bid in by the city of Long Beach at a tax sale. A decision favorable to the city was rendered by the Supreme Court at Special Term, but that decision

was reversed by the Appellate Division. Until after the Appellate Division had rendered its decision, no person or official body questioned the authority of Mr. Boehm to institute and prosecute the proceeding as attorney for the city. Even then, Mr. Boehm's authority was not questioned by the city of Long Beach or any officer or board of the city, but the Attorney for the County of Nassau, which had been successful in the Appellate Division, informed Mr. Boehm that if he attempted to take an appeal from the decision of the Appellate Division, his authority would be questioned by the county. Then Mr. Boehm requested the City Council to adopt a formal resolution authorizing or confirming his retainer by the Mayor so that his authority to take and prosecute the appeal in behalf of the city should not be subject to doubt. Instead, the Council adopted a resolution directing the *Corporation Counsel* to file a notice of appeal.

The reason for the failure of the Council to adopt a resolution, as requested by Mr. Boehm, expressly authorizing or confirming his retainer, was due, it is said, to the existence of a political squabble between the Council and the Mayor, and we are told that if the squabble had been settled Mr. Boehm would have been allowed to proceed as counsel for the city and would have been paid for his services. That rests on conjecture and the courts are not concerned with the motives of the Council. The relevant facts are that the Council did not pass any resolution as requested by Mr. Boehm, conferring upon Mr. Boehm authority to proceed with the appeal; nor, on the other hand, did it inform Mr. Boehm, until after he had prepared the records and briefs to be submitted upon the appeal to the Court of Appeals, that his services previously rendered were unauthorized and that he must desist from acting as counsel for the city.

The City Council, having authority to authorize appointment of Special Counsel, could, by its ratification, give validity to the retainer by the Mayor, though such retainer was unauthorized and invalid when made. Ratification by

a municipal corporation, like ratification by a private corporation or by an individual, " may be by express assent, or by acts or conduct of the principal, inconsistent with any other supposition than that he intended to adopt and own the act done in his name." (*Peterson* v. *Mayor*, 17 N. Y. 449, 453.) The opinion, written by Judge DENIO, in that case sets forth the rule, applicable to municipal as well as private corporations: " Chancellor KENT says, the doctrine that corporations can be bound, by implied contracts, to be deduced by inference from corporate acts, without either a vote or deed or writing, is generally established in this country with great clearness and solidity of argument." (Citing cases.) In enunciating that rule, Judge DENIO, however, took care to point out the limits of its application. " For instance, no sort of ratification can make good an act without the scope of the corporate authority. So where the charter or a statute binding upon the corporation, has committed a class of acts to particular officers or agents, other than the general governing body, or where it has prescribed certain formalities as conditions to the performance of any description of corporate business, the proper functionaries must act, and the designated forms must be observed, and generally no act of recognition can supply a defect in these respects " (p. 454).

Mere acceptance of benefits by the city under a contract made without authority does not estop a municipal corporation from challenging the validity of the contract and from denying liability for materials furnished or services rendered under a contract not made or ratified by a board or officer acting under authority conferred by law and in the manner prescribed by law. (McQuillan, Municipal Corporations, § 1358.) Where the Legislature provides that valid contracts may be made only by specified officers or boards and in specified manner, no implied contract to pay for benefits furnished by a person under an agreement which is invalid because it fails to comply with statutory restrictions and inhibitions can create an obligation or liability of the city. In similar case this court has given

emphatic warning that equitable powers of the courts may not be invoked to sanction disregard of statutory safeguards and restrictions. " It is plain, that if the restriction put upon municipalities by the Legislature, for the purposes of reducing and limiting the incurring of debt and the expenditure of public money, may be removed, upon the doctrine now contended for, there is no legislative remedy for the evils of municipal government, which of late have excited so much attention and painful foreboding." (*McDonald* v. *Mayor*, 68 N. Y. 23, 28.)

In this case the jury was permitted to find in favor of the plaintiff upon the theory that failure by the Council to object to the continued performance of services by Boehm under an unauthorized contract, would be sufficient to constitute a ratification of such unauthorized contract if the jury finds that four of the five members of the Council had knowledge of the unauthorized retainer. In our opinion, that constitutes error. The Council of the city acts as a body. Individual members of the Council are not, as such, vested with power to bind the city, and no individual member of the Council had either power or duty, as representative of the city, to protest against or object to an assumption of power by the Mayor not granted by the Charter. Since the Charter fails to confer upon the Council or its members any authority to act for the city in connection with the appointment of officers or employees of the city, except when acting as a body at a meeting properly held, the plaintiff, it is clear, cannot recover without proof that there has been ratification by action taken at such meeting.

The plaintiff contends that even if we should hold that tacit acquiescence by the members of the Council is insufficient to constitute ratification, yet the formal resolution directing the Corporation Counsel to take an appeal to the Court of Appeals in litigation instituted by Mr. Boehm, as attorney for the city, constitutes, by necessary implication, a ratification of the authority to institute the proceedings. We find no basis for such an implication in the resolu-

tion adopted by the Council. Certainly in adopting that resolution the Council had no intention to confirm or ratify the authority of Mr. Boehm. The Council rejected Mr. Boehm's request to confirm or ratify his appointment as Special Counsel and his authority to act for the city. Concededly the resolution actually adopted was intended to avoid, at least for the time, such confirmation or ratification. Any implication, then, that the resolution nevertheless constituted such confirmation must rest upon the premise that an appeal by the city from an order or judgment rendered against it in proceedings instituted in its name by an attorney acting without authority rests upon the implied assertion or recognition that the court had jurisdiction and is inconsistent with subsequent challenge of the authority of the attorney to bring the proceedings. The premise is false. The city may insist that the Board of Supervisors unlawfully included certain property in assessment rolls and that the Board should be compelled to correct its alleged error, and may seek by appeal, reversal of an adverse adjudication, without admitting that Special Counsel retained by the Mayor, rather than the Corporation Counsel or Special Counsel retained by the Council, had the right to urge the claim in behalf of the city.

We decide only that the plaintiff has failed to establish any legal claim against the city, even assuming that the services rendered by the plaintiff's assignor were valuable and resulted in a benefit to the city, which the city would not otherwise have obtained, and that four of the five members of the Council tacitly approved his retainer of Special Counsel and the rendition of services thereunder. We do not consider whether a moral obligation may exist, which should have been recognized by the Council. No legal obligation arose.

The judgments should be reversed, and the complaint dismissed, with costs in all courts.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.