Donald J. Sullivan, J.
Plaintiff filed a notice of claim against the defendant, the City of New York, for $2,250 which it expended in repairing and installing a sidewalk in front of its premises. Thereafter, it served a complaint which set forth two causes of action. The first cause was based upon a written contract. The second cause alleged that the false and fraudulent representations of defendant caused plaintiff to be damaged in the stated amount.
The dispute concerns the effect of a certain letter sent to plaintiff by defendant through its Department of Public Works, the interpretation of the terms thereof, and whether certain statutes are or are not applicable.
The essential facts are as follows:
On February 6,1963, the then Commissioner of Public Works of the City of New York wrote to plaintiff the following letter:
The Department of Public Works as agent for the Department of Highways will soon let a contract for the laying of sidewalks and the grading and paving of Halleck Street near the site of the New York City Terminal Market in the Hunts Point area of the Bronx. The complete cost of this work will be borne by the City of New York and will not be assessed against the abutting property owners.
The work will be done in accordance with the legal grade established for Halleck Street. Not all abutting properties are improved in accordance with the legally established grade. Where an abutting property is not improved in accordance with the established grade it will be necessary for the City’s contractor to enter temporarily on private property to cut or fill or both as the case may be. Since your property abuts on the sidewalk and street area where the work is to be done it will be necessary for the contractor to do the following work in the sidewalk area and within your property. . . .
There is enclosed an authorization which should be signed by you and returned to this office in the enclosed envelope. This authorization will facilitate the construction of the sidewalk and will permit the City’s contractor to enter upon your property for the purpose of carrying out the work outlined above. We would appreciate receiving the authorization as expeditiously as possible.
Very truly yours,
Peter J. Reidy,
Commissioner
*481 The authorization was signed by plaintiff and returned to the defendant’s agent.
Thereafter only the roadway on Halleek Street near plaintiff’s premises was completed. During the course of the construction work a contractor entered upon plaintiff’s property and in connection therewith broke and removed the portions of the existing sidewalk and driveways. It appears from the record that the entire area abutting plaintiff’s premises did not have an existing sidewalk prior to the commencement of work by the city. The city never did install a sidewalk as promised in its letter. Nor did it replace the portions of the existing sidewalk which had been broken and removed by the contractor.
On November 19, 1965, the plaintiff received a “ Notice to repair sidewalk ’ ’ from the Department of Highways. The notice alleged the existence of a sidewalk violation and the responsibility under section 280 of the New York City Charter of plaintiff to correct the condition.
On November 29, 1965, plaintiff forwarded to the city a copy of the city’s 1963 letter in which the city promised to install the sidewalk in question.
On December 2, 1965, the Director of Legal Affairs of" the Department of Public Works replied .to the plaintiff as follows: “ Sidewalk improvements have traditionally and legally been the responsibility of the abutting property owners. At the time of the street improvements we had considered making the sidewalk improvements part of the same contract. We were prevented from doing this however, by the Corporation Counsel who advised us that this would be illegal since the obligation is cast upon the abutting property owners to improve their sidewalks at their own expense.”
The plaintiff then arranged for the sidewalk installation at an expense of $2,250 and then filed its claim with the city for reimbursement.
The matter came on for trial before this court and a jury of 12. At the conclusion of the trial the jury was dismissed by agreement of the parties and it was agreed that all questions of law and fact would be determined by .the court.
It would appear from the foregoing that, if the dispute involved herein was between private litigants, as for example, the plaintiff corporation and a private contractor, the solution would be clear and simple. Plaintiff would have judgment on either cause of action set forth in its complaint — contract or fraud.
Here, however, the defendant, City of New York, raises certain statutory defenses which must be considered along with several cases set forth in its law memorandum.
*482 It first contends that certain sections of the New York City Charter and Administrative Code all stand as obstacles in the way of plaintiff’s recovery. The following are cited:
1. Section 230 of the New York City Charter which provides, among other things, that the owner of any property shall at his own cost and expense, install, reconstruct, improve and repair the sidewalk in front of such property.
Interestingly enough, the same section (subd. f) contains authority for the city to enter into contracts with owners for such work under terms and conditions as may be approved by the Board of Estimate.
2. tSections 343 and 344 of the New York City Charter, the first of which requires public letting by competitive bid for contracts and purchases exceeding $2,500, and the latter authorizing nonpublic bids for contracts and purchases of less than $2,500.
3. Section 93c-3.0 of the Administrative Code which requires a certificate of the Comptroller for any contract the expense of which is not by law to be paid by assessments upon the property benefited where the amount exceeds $2,500.
These provisions of local law have no application to the present case. Section 343 of the Charter and section 93c-3.0 of the Code pertain solely to contracts in excess of $2,500 whereas the amount here in dispute is $2,250.
Section 230 of the Charter simply imposes a general duty upon property owners to install or repair sidewalks upon proper notification by the city. It does not prohibit situations similar to what occurred here where the city promised for a consideration to perform the work. As previously indicated, subdivision (f) specifically authorizes such arrangements.
Section 344 also has no application to the facts herein because the city in its dealings with the plaintiff was not undertaking to order work for a specific contract which would have called for nonpublic bids. As a matter of fact it appears from the contents of the city’s letter .to plaintiff it had already contracted with a third party for the work on Halleck Street.
The city’s next major objection to plaintiff’s recovery is ease law, which is best exemplified by Seif v. City of Long Beach (286 N. Y. 382) which held that a city’s mere acceptance of benefits under a contract made without authority does not estop it from challenging the validity of * such contract, nor from denying liability for materials furnished or services rendered under contract not made or ratified by a board or officer acting under authority conferred by law and in manner prescribed thereby.
*483 This proposition, sound as it may be, has no application here, because, if plaintiff is to recover under this cause of action based upon contract, the statutory prohibitions set up by the city do not militate against plaintiff’s position.
The city additionally cites section 1 of article VIII of the New York State 'Constitution which prohibits the giving as a gift or loan by any city of any money or property to or in aid of any individual or private corporation. Seemingly, the city contends that the carrying out of its promise is tantamount to such gifts or loan. This defense, of course, completely ignores the right which defendant acquired from plaintiff’s authorization to enter in and upon plaintiff’s property and the destruction of the existing sidewalk in front of plaintiff’s premises. Regardless of the extent of existing sidewalks which the city’s contractor destroyed or what, if anything, the contractor accomplished by its authorization to enter plaintiff’s property, a consideration was exchanged. So the asserted constitutional defense is without merit.
In the final analysis of the facts of this dispute, if plaintiff’s contract cause were defeated by the asserted statutory defenses, its second cause of action sounding in fraud would be a good one. This is so because courts should not be astute to enable a municipal corporation to disavow its just commitments or obligations, or to conduct itself respecting them in a manner violative of fair dealing, which they would not sanction were natural persons the parties involved (Matter of Wa-Wa-Yanda, Inc., v. Dickerson, 18 A D 2d 251).
Judgment for plaintiff.