■ RAYMOND G. KUNTZ, P. C., Respondent, v NEW YORK STATE EMERGENCY FINANCIAL CONTROL BOARD FOR THE CITY OF YONKERS, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Emergency Financial Control Board for the City of Yonkers to notify the City School District of the City of Yonkers that it has not disapproved the contract entered into between the petitioner and the school district, the control board appeals (by permission) from an order of the Supreme Court,

Westchester County, dated April 14, 1978, which denied its motion to dismiss the petition. The appeal brings up for review so much of a further order of the same court, dated May 23, 1978, as, upon reargument, adhered to the original determination. Appeal from the order dated April 14, 1978 dismissed as academic. That order was superseded by the order granting reargument. Order, dated May 23, 1978, affirmed insofar as reviewed. Appellant's time to answer is extended until 20 days after entry of the order to be made hereon. Petitioner is awarded one bill of $50 costs and disbursements. Upon this appeal the control board's contention is that the law under which it functions (L 1975, ch 871) requires prior approval of a contract before recovery may be allowed thereon, and that it does not possess the power to approve a contract retroactively. The cases relied on by the control board *(Seif v City of Long Beach,* 286 NY 382; *Westgate North v State Univ. of N. Y.,* 47 AD2d 1004, mot for lv to app den 36 NY2d 647) are inapposite. This is a CPLR article 78 proceeding in which the petitioner seeks a judgment either (1) requiring that the control board notify the school district that it did not disapprove the contract, or (2) annulling any determination which disapproved the contract on the ground that such disapproval is contrary to law, or, in the alternative, is arbitrary and capricious, or (3) for such other relief as the court deems necessary. On the merits, therefore, the issue is not whether the control board should have approved the contract retroactively, but whether it had the power to do so. We hold that it did. Special Term, therefore, properly denied the control board's motion to dismiss the petition. Martuscello, J. P., Titone, Shapiro and O'Connor, JJ., concur.