■ RAYMOND T. HEFFERNAN et al., Respondents, v VILLAGE OF MUNSEY PARK, Appellant, et al., Defendants.—In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the appeal is from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered March 5, 1986, which granted the application.

Ordered that the matter is remitted to the Supreme Court, Nassau County, to hear and report on the questions of whether proper service of the judgment appealed from with notice of entry was made upon the appellant, and, if so, when that service was made, and the appeal is held in abeyance in the interim.

The petitioners contend that this appeal must be dismissed as untimely since the notice of appeal was not served or filed within 30 days after service upon the appellant of a copy of the judgment appealed from (see, CPLR 5513 [a]; 5515 [1]). The judgment granting the petitioners leave to file a late notice of claim pursuant to General Municipal Law § 50-e is dated March 5, 1986, and was entered on March 6, 1986. The notice of appeal filed by the appellant Village of Munsey Park is dated May 14, 1986. The petitioners' affidavit of service, sworn to March 25, 1986, indicates that a copy of the judgment with notice of entry was served by mail upon the village on March

25, 1986. The village denies receipt of the judgment. In order for an affidavit to constitute valid proof of service by mail, the affiant must have either personal knowledge of the mailing or the affiant must have personal knowledge of the procedure which was used in the handling and eventual mailing of the documents served *(see, Anzalone v State Farm Mut. Ins. Co., 92 AD2d 238; Capra v Lumbermens Mut. Cas. Co., 43 AD2d 986).* The petitioners' affidavit of service is insufficient to establish proper service by mail since the affiant did not personally mail the judgment nor is there any indication that the affiant had personal knowledge of the office procedure used in mailing it. Where, as in the case at bar, the party denies receipt of a judgment purportedly served by mail and there is insufficient evidence of proper service, a hearing is required for the resolution of this issue *(see, 14 Second Ave. Realty Corp. v Szalay,* 16 AD2d 919). Accordingly, the instant appeal will be held in abeyance pending remittitur to the Supreme Court to hear and report on the issue of whether proper service of the judgment which is the subject of this appeal was made, and, if so, when that service was made. Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.