■ DONALD GOLDBERG, Appellant, v LARRY PENNY et al., Respondents, et al., Defendant.—In an action to recover damages based upon fraud, implied breach of contract and the theory of quasi contract, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cannavo, J.), entered August 22, 1988, which granted that branch of the motion of the defendants Larry Penny and the Town of East Hampton which was to dismiss the complaint for failure to state a cause of action as asserted against them and which denied the plaintiff's cross motion to amend the complaint and to serve a notice of claim nunc pro tunc.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff alleged that he caused certain improvements to be made on his property in reliance on assurances by the defendants Town of East Hampton and Larry Penny that he would thereafter be granted a variance. Despite such representations, the variance was never granted. The plaintiff did not bring a proceeding pursuant to CPLR article 78 to review the determination of the Town Board of Zoning Appeals. Instead he commenced this action seeking to recover damages for fraudulent misrepresentation, and breach of implied contract, as well as under the theory of quasi contract. We agree with the Supreme Court that the complaint must be dismissed for failure to state a cause of action.

It is fundamental that a municipality can only contract for an authorized purpose and then only in the manner provided by statute (see, Corning v Village of Laurel Hollow, 48 NY2d 348; New York Tel. Co. v Town of N. Hempstead, 41 NY2d 691; Parone v Rivers, 84 AD2d 686; Gardner v Town of Cameron, 155 App Div 750, affd 215 NY 682). Even where municipalities have accepted benefits, they will not be held liable under unauthorized agreements (see, Parsa v State of New York, 64 NY2d 143, 147; Seif v City of Long Beach, 286 NY 382; Albany Supply & Equip. Co. v City of Cohoes, 25 AD2d 700; Lutzken v City of Rochester, 7 AD2d 498, 501). In the present case, it is undisputed that a contract was never approved by the Town Board and never executed by the Town Supervisor, as required by Town Law § 64 (6). Moreover, even if a contract had been entered into with all the requisite formalities, it is doubtful that a town could validly contract away its authority to make future zoning determinations (see, Atlantic Beach Prop. Owners Assn. v Town of Hempstead, 3 NY2d 434, 438; Matter of Andgar Assocs. v Board of Zoning Appeals, 30 AD2d 672; Matter of New York City Hous. Auth. v Foley, 32 Misc 2d 41; cf., Matter of E.F.S. Ventures v Foster, 71 NY2d 359, 369). Accordingly, the plaintiff failed to allege that an enforceable contract existed between him and the town.

The plaintiff has failed to allege facts entitling him to recover under a theory of quasi contract. Quasi contract is an equitable concept which essentially stands for the proposition that a party should not be entitled to enrich himself unjustly at the expense of another (see, Parsa v State of New York, supra; Bradkin v Leverton, 26 NY2d 192, 196-197; Stanford Hgts. Fire Dist. v Town of Niskayuna, 120 AD2d 878; Ptachewich v Ptachewich, 96 AD2d 582). In the instant case, none of

the alleged facts indicate that the town has unfairly enriched itself at the plaintiff's expense.

Nor can the plaintiff recover under the causes of action sounding in tort. It is well settled that zoning decisions are discretionary acts for which an official and a municipality cannot be held liable *(Tango v Tulevech,* 61 NY2d 34, 40; *Ilson v Incorporated Vil. of Ocean Beach,* 79 AD2d 697; *Rottkamp v Young,* 21 AD2d 373, *affd* 15 NY2d 831). Thus, the court properly dismissed the tort causes of action.

The plaintiff has failed to allege facts entitling him to recover under the theory of equitable estoppel or under the theory that he has acquired vested rights *(see, Matter of E.F.S. Ventures v Foster,* 71 NY2d 359, *supra; Matter of Jayne Estates v Raynor,* 22 NY2d 417; *Matter of Lefrak Forest Hills Corp. v Galvin,* 40 AD2d 211, 218; *Adgar Assocs. v Board of Zoning Appeals, supra; Town of Lloyd v Kart Wheelers Raceway,* 28 AD2d 1015; *Reichenbach v Windward at Southampton,* 80 Misc 2d 1031, 1034).

The court properly denied the plaintiff's motion to amend the complaint, since even as amended, the complaint still fails to state a cause of action. In light of the foregoing conclusions, it is unnecessary to consider the arguments regarding the late notice of claim. Brown, J. P., Lawrence, Kooper and O'Brien, JJ., concur.