■ In the Matter of NEFESH, Appellant, v CITY OF NEW YORK DEPARTMENT OF EMPLOYMENT et al., Respondents. [678 NYS2d 608] —Judgment, Supreme Court, New York County (William Leibovitz, J.), entered June 17, 1997, which denied petitioner's application pursuant to CPLR article 78 to compel respondent City of New York Department of Employment (DOE) to resubmit petitioner's Summer Youth Employment contract with DOE to respondent New York City Comptroller for registration and to compel the Comptroller to register such contract, or, in the alternative, to annul DOE's withdrawal of the contract for registration and determination not to resubmit, and dismissed the petition, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 14, 1997, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

No issue of fact exists as to whether DOE withdrew the contract from registration within the 30-day period the Comptroller had to object thereto (*see, Matter of DeFoe Corp. v New York City Dept. of Transp.*, 87 NY2d 754, 760-761). The Comptroller's August 8, 1996 letter to DOE, as explained in respondents' sur-reply verified by the letter's author, together with the Comptroller's date stamp and the Central Imaging facility receipt showing that the contract was filed with Comptroller on July 9, 1996, provide sufficient proof that the contract was in fact filed on July 9, 1996, making the withdrawal confirmed in the August 8, 1996 letter timely. Nor is there merit to petitioner's argument that its right to the contract had vested by operation of law because of DOE's acceptance of petitioner's performance between the Comptroller's return of the contract to DOE on August 8, 1996 and DOE's notice to petitioner that the contract had not been registered on October 24, 1996. By the express terms of the contract, as well as New York City Charter § 328 (a) (*see, supra*), the contract was not effective until registered by the Comptroller. Contracts entered into in violation of a statutorily prescribed means may not be enforced against a public entity, even where the public entity has in fact benefitted from the contract (*Matter of Dentom Transp. v New York City Human Resources Admin.*, 155 Misc 2d 31, 38, citing *Seif v City of Long Beach*, 286 NY 382, 387).

Also without merit is petitioner's claim that the decision to withdraw and not to resubmit was arbitrary and capricious. That decision was properly based on considerations rationally bearing upon petitioner's skill, integrity and ability to perform, namely, the Comptroller's investigation of petitioner for possible misappropriation of public funds awarded under a Head Start contract with another City agency, and petitioner's suspension by that other City agency from its Head Start program for Health Code violations, and should not be viewed otherwise simply because criminal charges were not pending (*cf., Matter of DeFoe v New York City Dept. of Transp., supra,* at 763). We have considered petitioner's other arguments and find them to be unavailing. Concur—Ellerin, J. P., Williams, Mazzarelli and Andrias, JJ.