INFRASTRUCTURE MANAGEMENT SYSTEMS, LLC, Appellant, v COUNTY OF NASSAU, Respondent. [770 NYS2d 119]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated September 10, 2002, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss so much of the first cause of action as seeks to recover damages in the sum of $37,798.75 for breach of the contract for Phase I and Phase II work and substituting therefor a provision denying that branch of the motion; as so modified the order is affirmed, without costs or disbursements, and so much of the first cause of action as seeks to recover damages in the sum of $37,798.75 is reinstated.

In this action, the plaintiff seeks to recover damages for services allegedly rendered to the defendant County of Nassau in connection with a project to develop an online information system and to provide training and support for its implementation. The complaint alleges that the County released a request for proposals which divided the project into three phases, and that it accepted the plaintiff's proposal for the project. The complaint further alleges that the County Legislature approved and authorized financing for Phases I and II of the project, executed a contract providing for the plaintiff's completion of the first two phases, and subsequently executed an amendment to the contract (hereinafter the first amendment) providing for additional services to be rendered in connection with Phases I and II of the project. Allegedly, the plaintiff was paid for the work it performed on Phases I and II, with the exception of an invoice in the sum of $37,798.75. According to the complaint, the County Legislature authorized the County Executive to execute a second amendment to the contract for the Phase III work, approved a bond ordinance to finance the work, and borrowed money to finance completion of the Phase III work. However, the complaint does not allege that a second amendment was, in fact, executed. The plaintiff allegedly provided services in connection with Phase III for a period of six months, but the County failed to pay for those services. The plaintiff then commenced this action, asserting three causes of action alleging breach of an express contract and three causes of action seeking recovery on a theory of implied contract.

The County moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Supreme Court properly granted the motion insofar as the

plaintiff seeks recovery for the Phase III work, but it should have denied the motion to the extent the plaintiff seeks damages for breach of the contract for Phase I and Phase II work. The complaint does not allege that a contract for the Phase III work was made and executed, as required by the Nassau County Charter (*see* Nassau County Charter § 2206). A municipal contract which does not comply with statutory requirements or local law is invalid and unenforceable (*see Parsa v State of New York,* 64 NY2d 143 [1984]; *Granada Bldgs. v City of Kingston,* 58 NY2d 705 [1982]; *Goldberg v Penny,* 163 AD2d 352 [1990]; *Syracuse Orthopedic Assoc. v City of Syracuse,* 136 AD2d 923 [1988]). Therefore, the complaint fails to allege the existence of a valid and enforceable contract and the causes of action alleging breach of the Phase III contract were properly dismissed. However, insofar as the complaint alleges a breach of the contract for Phase I and Phase II work, it sufficiently states a cause of action since it alleges that the contract and the first amendment were executed.

The Supreme Court also properly dismissed the causes of action seeking recovery on a theory of implied contract. Where a statute or local law provides that a contract may be made "only by specified officers or boards and in specified manner, no implied contract to pay for benefits furnished by a person under an agreement which is invalid because it fails to comply with statutory restrictions and inhibitions can create an obligation or liability of the [municipality]" (*Seif v City of Long Beach,* 286 NY 382, 387 [1941]; *see Parsa v State of New York, supra*). Consequently, the plaintiff cannot recover in implied contract. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.