Terri B. Elia et al., Appellants, v Highland Central School District, Respondent. [909 NYS2d 836]—

Peters, J.P. Appeal from an order of the Supreme Court (Zwack, J.), entered October 17, 2009 in Ulster County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

This dispute arises out of a change in the medical coverage, as well as certain other benefits, provided by defendant to plaintiffs, who are current and retired nonunionized employees of defendant. Plaintiffs Howard Geffner, Charles Thompson, Elizabeth Hughes and Julia Schmieg are retired employees of defendant who understood, either through previously signed memoranda of agreements or letter notification, that they would be entitled to 100% defendant-funded health insurance upon their retirement. Plaintiffs Terri B. Elia and Debbie Tompkins are current employees of defendant who likewise believed, based upon previously executed memoranda of agreements, that they were entitled to defendant-funded health insurance, as well as compensation for accumulated sick and vacation days, upon retirement, and certain vacation and sick-day benefits during their employment.

In April 2007, defendant's Board of Education passed a resolution, effective July 1, 2007, which, as relevant here, required that nonunionized retired employees contribute 15% toward their health insurance coverage premiums and set forth the amount of sick leave and annual leave that could be accumulated and carried over from year-to-year by current employees. On July 18, 2008, plaintiffs commenced this action sounding in breach of contract. Following joinder of issue and discovery, Supreme Court granted defendant's motion for summary judgment dismissing the complaint. The court dismissed Schmieg's claim for failure to file a notice of claim as required by Education Law § 3813 and the claims of Elia and Tompkins as barred by the statute of limitations. With respect to all plaintiffs, the court found, among other things, that the purported contracts were unenforceable because the Board never adopted or ratified them. This appeal by plaintiffs ensued.

Supreme Court correctly determined that Schmieg's claim was barred due to her failure to serve the requisite notice of claim upon defendant (see Education Law § 3813 [1]). At

Schmieg's deposition, counsel for defendant indicated that defendant had not received a notice of claim from Schmieg and requested that she provide a certified mail receipt. None was presented. Thereafter, in opposition to defendant's motion, plaintiffs' counsel averred that, despite diligent efforts to do so, his office was unable to locate the overnight mailing receipt, but that the notice was mailed overnight by the "office" on December 6, 2007 in the ordinary course of business. Although there is a presumption that notice has been delivered where there is proof of an office practice and procedure, followed in the regular course of business, which shows that notices were duly addressed and mailed (*see Matter of Gonzalez [Ross]*, 47 NY2d 922, 923 [1979]; *Nassau Ins. Co. v Murray*, 46 NY2d 828, 829 [1978]), the affidavit of counsel was woefully insufficient to invoke that presumption. Counsel did not specify the procedure that his office follows or who at the office would have mailed the notice, nor did he offer any affidavits from office staff that the usual procedures had been followed in this particular case (*see Matter of Trautman v Savin Copy Prods.*, 200 AD2d 790 [1994]; *Heffernan v Village of Munsey Park*, 133 AD2d 139, 140 [1987]; *Capra v Lumbermens Mut. Cas. Co.*, 43 AD2d 986, 987 [1974]). Thus, Schmieg's claim was properly dismissed.*

We next address plaintiffs' contention that Supreme Court improperly dismissed the claims of Elia and Tompkins as barred by the statute of limitations. Plaintiffs assert that, although Supreme Court correctly determined that the statute of limitations began to run at the time they received notice that the resolution would be applied to them, the court erroneously found that Elia and Tompkins were notified of the changes on July 15, 2007, more than one year prior to the commencement of the instant action. As an alternative ground for affirmance, defendant argues that the alleged breach occurred at the time that the Board passed the resolution or, at the latest, on the July 1, 2007 effective date of the resolution, thus rendering the claims of each of the plaintiffs untimely.

Education Law § 3813 (2-b) provides that an action against a school district must be commenced within one year of the time that the cause of action accrued. "[A] cause of action accrues

_____

* Although plaintiffs assert that Schmieg's claim should have been deemed timely pursuant to Education Law § 3813 (2-a) because defendant had notice of her dissatisfaction with the new policy as early as September 2007, that provision permits a court, upon application and in its discretion, to extend the time for serving a notice of claim under certain circumstances. Inasmuch as plaintiffs neither raised the applicability of Education Law § 3813 (2-a) before Supreme Court nor made an application to file a late notice of claim, the issue is not properly before us.

and the statute of limitations begins to run in contract actions from the time of the breach" (*Albany Specialties v Shenendehowa Cent. School Dist.*, 307 AD2d 514, 516 [2003]; *see Kingsley Arms, Inc. v Copake-Taconic Hills Cent. School Dist.*, 9 AD3d 696, 698 [2004], *lv dismissed* 3 NY3d 767 [2004]; *Matter of Prote Contr. Co. v Board of Educ. of City of N. Y.*, 198 AD2d 418, 420 [1993]). Defendant, as the party asserting the statute of limitations defense, bore the burden of proof on this issue (*see Matter of Baird*, 58 AD3d 958, 959 [2009]; *Matter of Quantum Health Resources v DeBuono*, 273 AD2d 730, 732 [2000], *lv dismissed* 95 NY2d 927 [2000]; *Siegel v Wank*, 183 AD2d 158, 159 [1992]).

Here, the April 2007 resolution states, immediately following the provision setting forth the terms of retiree health insurance benefits, that, "[n]otwithstanding the above in recognition of differing circumstances at the time of hire of non-represented employees, by resolution or by non-durational employment agreement, the Board may establish different terms and conditions regarding retiree health insurance entitlement." We agree with Supreme Court that, in light of this provision and the agreements entered into by each of the plaintiffs indicating that they would be receiving 100% defendant-funded health insurance benefits, plaintiffs would have no indication that the changes in benefits would affect them until they received notification. Thus, the alleged breach occurred with respect to the retired plaintiffs only when they received letter notification that the changes to health insurance contributions articulated in the resolution would, in fact, be applied to them. Since such letters were received by each of the retiree plaintiffs within one year of the commencement of the instant action, their breach of contract claims are timely. Further, because Elia and Tompkins were never notified by defendant as to the applicability of the resolution, their breach of contract claims as they relate to retirement health insurance benefits are likewise timely.

With respect to the additional breach of contract claims of Elia and Tompkins, they testified that their pay stubs first reflected the diminution in their sick and vacation leave benefits sometime in the middle of July 2007. Critically absent from the record, however, is the actual date that these plaintiffs received their pay stubs, or even when payroll distributions are typically made, and the date when the reduction in benefits was actually made by the payroll department. Without such proof, there was no basis for Supreme Court's finding that the breach with respect to Elia and Tompkins occurred precisely on July 15, 2007, more than one year prior to the July 18, 2008 commencement of this action. Since defendant failed to make the required show-

ing that the claims of Elia and Tompkins are time-barred, Supreme Court improperly dismissed them on this basis (*see Matter of Baird*, 58 AD3d at 959; *Baker v Board of Educ., Hoosick Falls Cent. School Dist.*, 3 AD3d 678, 679 [2004]).

Nevertheless, Supreme Court properly dismissed the complaint with respect to all plaintiffs since the Board did not approve or ratify their written agreements. Pursuant to Education Law § 1709, only the Board has the power to enter into agreements regarding compensation and the provision of insurance benefits (*see* Education Law § 1709 [16], [34-a]; *see also Matter of Kight v Wyandanch Union Free School Dist. [Wyandanch Pub. Schools]*, 84 AD2d 749 [1981], *affd* 56 NY2d 606 [1982]; *Willis Flooring Co., Inc. v Board of Educ. of Terryville-Port Jefferson Sta. Union Free School, Dist. No. 3, Brookhaven*, 243 App Div 554, 554 [1934]). Furthermore, it is settled that a board of education will not be liable for the unauthorized acts of its agents (*see McKee v City of Cohoes Bd. of Educ.*, 99 AD2d 923, 925 [1984]).

Here, the written agreements entered into by Elia, Tompkins, Thompson, Hughes and Geffner were executed by either defendant's superintendent or business administrator, neither of whom had statutory authority to enter into such agreements (*see* Education Law § 1711). An additional memorandum entered into by Thompson was signed only by the president of the Board. As the Board did not enter into the memorandum agreements with plaintiffs, and defendant demonstrated that the Board neither approved the memoranda nor delegated its power by resolution to either the superintendent, business administrator or president of the Board to enter into such agreements, they are not binding on defendant (*see Willis Flooring Co., Inc. v Board of Educ. of Terryville-Port Jefferson Sta. Union Free School, Dist. No. 3, Brookhaven*, 243 App Div at 554; *McKee v City of Cohoes Bd. of Educ.*, 99 AD2d at 925; *Port Washington Teachers' Assn. v Board of Educ. of Port Washington Union free School Dist.*, 478 F3d 494, 500-501 [2d Cir 2007]).

Nor did plaintiffs successfully raise an issue of fact as to whether defendant ratified the agreements. It has been recognized that a governmental entity may ratify a contract made on its behalf which it has the authority to make even if the contract was initially invalid because the person who executed it did not have the requisite authority (*see Seif v City of Long Beach*, 286 NY 382, 386-387 [1941]; *Della Rocco v City of Schenectady*, 278 AD2d 628, 630-631 [2000], *lv denied* 96 NY2d 709 [2001]; *Imburgia v City of New Rochelle*, 223 AD2d 44, 48 [1996], *lv denied* 88 NY2d 815 [1996]). Such agreements not

previously approved by the governing body may be ratified by subsequent conduct, such as making payments pursuant to the agreement, which is "inconsistent with any other supposition than that [it] intended to adopt and own the act done" (*Seif v City of Long Beach*, 286 NY at 387; *see JRP Old Riverhead Ltd. v Town of Southampton*, 44 AD3d 905, 909 [2007]; *Della Rocco v City of Schenectady*, 278 AD2d at 631).

While some of the retiree plaintiffs received fully paid health insurance benefits for years following their retirement, this was the then-existing practice of defendant applicable to all retired employees who, like those plaintiffs here, had at least 10 years of service with defendant. Since plaintiffs have not shown that defendant's actions in fully covering their health insurance benefits were specifically grounded upon their written agreements, as opposed to defendant's policy in effect during that time, we cannot conclude that defendant's conduct in this regard constituted a ratification of their agreements (*see Seif v City of Long Beach*, 286 NY at 386-387). Nor can we agree with plaintiffs' contention that the agreements were ratified by the Board through its adoption of defendant's annual budget, inasmuch as each year's budget did not include line items for each retiree but, rather, included a lump-sum figure for the cost associated with defendant-funded health insurance. For these reasons, we find that Supreme Court properly dismissed plaintiffs' breach of contract claims.

Plaintiffs' remaining contentions, to the extent not specifically addressed herein, have either been rendered academic in light of our decision or are without merit.

Rose, Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.