Atalaya Asset Income Fund II, LP v HVS Tappan Beach, Inc. (2019 NY Slip Op 06583)





Atalaya Asset Income Fund II, LP v HVS Tappan Beach, Inc.


2019 NY Slip Op 06583


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-11912
 (Index No. 600517/16)

[*1]Atalaya Asset Income Fund II, LP, respondent,
v
HVS Tappan Beach, Inc., et al., defendants, Town of Oyster Bay, appellant.


Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY (Jonathan E. Pickhardt, Rex Lee, and Monica E. Tarazi of counsel), for appellant.
Law Office of Steven Cohn, P.C., Carle Place, NY (Alan S. Zigman of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Town of Oyster Bay appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered October 12, 2016. The order, insofar as appealed from, denied the motion of that defendant pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Town of Oyster Bay pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it is granted.
On or about July 11, 2014, the defendant Town of Oyster Bay entered into a concession agreement with the defendant HVS Tappan Beach, Inc. (hereinafter HVS), whereby HVS, as the concessionaire, was to construct, expand, and operate food and beverage concession services at Tappan Beach. In order to make the necessary improvements to the concession area, HVS borrowed the sum of $1.8 million from the plaintiff, which was also a party to the concession agreement. The concession agreement provided, inter alia, that if HVS defaulted under the terms of its loan from the plaintiff, the Town would be obligated to pay the plaintiff a "Termination Payment" equaling "the sum of (a) the unpaid principal balance of the Note [and] (b) all other amounts due and to become due under the Loan Documents, including, but not limited to any and all default interest, late fees, prepayment penalty, costs, expenses and attorney's fees which may have accrued from the date of such default through the date of payment." The concession agreement was executed by, among others, Town Supervisor John Venditto on behalf of the Town. On or about October 16, 2015, the plaintiff allegedly gave the Town notice that HVS had defaulted on the loan. The Town refused to pay the Termination Payment.
Thereafter, the plaintiff commenced this action against, among others, HVS and the Town to recover the unpaid sums due under the loan. As against the Town, the plaintiff asserted causes of action sounding in breach of contract and unjust enrichment. The Town moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action, arguing, inter alia, that the complaint failed to allege that the concession agreement was [*2]approved by the Town Board and, therefore, the agreement was unenforceable pursuant to Town Law § 64(6). The plaintiff opposed the motion. The Supreme Court denied the Town's motion, and the Town appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Sokol v Leader, 74 AD3d 1180, 1181). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Pursuant to Town Law § 64(6), town boards "[m]ay award contracts for any of the purposes authorized by law and the same shall be executed by the supervisor in the name of the town after approval by the town board." "Absent strict compliance with the formal requirements of this statute, no valid contract binding a Town may be found to exist" (Verifacts Group v Town of Babylon, 267 AD2d 379, 379). "Even where municipalities have accepted benefits, they will not be held liable under unauthorized agreements" (Goldberg v Penny, 163 AD2d 352, 353). "A party contracting with [a municipality] is chargeable with knowledge of the statutes which regulate its contracting powers and is bound by them" (Parsa v State of New York, 64 NY2d 143, 147). Here, the complaint failed to allege that the concession agreement was approved by the Town Board and, therefore, it failed to state a cause of action to recover damages against the Town under a breach of contract theory (see Infrastructure Mgt. Sys. v County of Nassau, 2 AD3d 784, 786; Goldberg v Penny, 163 AD2d at 353; see also Parsa v State of New York, 64 NY2d at 149; JFK Holding Co., LLC v City of New York, 68 AD3d 477, 478).
"[A] governmental entity may ratify a contract made on its behalf which it has the authority to make even if the contract was initially invalid because the person who executed it did not have the requisite authority" (Elia v Highland Cent. School Dist., 78 AD3d 1265, 1269). "Such agreements not previously approved by the governing body may be ratified by subsequent conduct, such as making payments pursuant to the agreement, which is inconsistent with any other supposition than that it intended to adopt and own the act done'" (id. at 1269-1270, quoting Seif v City of Long Beach, 286 NY 382, 387). Here, the plaintiff failed to allege facts which, if true, would establish that the Town Board ratified the concession agreement (see Seif v City of Long Beach, 286 NY at 386-387; cf. Town of Babylon v Tully Constr. Co., 242 AD2d 703, 704).
Finally, the complaint fails to state a cause of action to recover damages against the Town under a theory of unjust enrichment. "Where the Legislature provides that valid contracts may be made only by specified officers or boards and in specified manner, no implied contract to pay for benefits furnished by a person under an agreement which is invalid because it fails to comply with statutory restrictions and inhibitions can create an obligation or liability of the [municipality]" (Seif v City of Long Beach, 286 NY at 387; see Casa Wales Hous. Dev. Fund Corp. v City of New York, 129 AD3d 451, 451). "The creation of an obligation against [a] town, by way of contract, cannot be founded upon omission of action by the town officials, but must be the result of an affirmative determination to create the obligation in the form and manner provided by statute" (Gardner v Town of Cameron, 155 App Div 750, 759, affd 215 NY 682; see Seif v City of Long Beach, 286 NY at 387).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the Town's motion to dismiss the complaint insofar as asserted against it. In light of our determination, we need not reach the Town's remaining contention.
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court