Phoenix Life Ins. Co. v Town of Oyster Bay (2020 NY Slip Op 04607)





Phoenix Life Ins. Co. v Town of Oyster Bay


2020 NY Slip Op 04607


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-05821
 (Index No. 605451/16)

[*1]Phoenix Life Insurance Company, respondent,
v
Town of Oyster Bay, appellant.


Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY (Jonathan E. Pickhardt, Rex Lee, and Monica E. Tarazi of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Bryan F. Lewis and Jennifer Hurley McGay of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Linda S. Jamieson, J.), entered April 20, 2017. The order denied the defendant's motion pursuant to CPLR 3211(a)(5) and (7) to dismiss the second amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(5) and (7) to dismiss the second amended complaint is granted.
On or about April 19, 2005, the defendant, Town of Oyster Bay, by Resolution No. 312-2005, entered into a concession agreement with nonparty SRB Concession, Inc. (hereinafter SRB), for an initial 20-year term whereby SRB would operate food and beverage concessions at the Town's beach in exchange for the payment of a licensing fee. Under the terms of the concession agreement, SRB was also obligated to make capital improvements at the beach worth $1,000,000. The Town would own the capital improvements upon completion. On or about September 16, 2008, by Resolution No. 887-2008, the Town and SRB executed an amendment to the concession agreement exercising the Town's option to extend the term of the concession agreement for an additional 20 years in return for SRB's agreement to make an additional $2,500,000 in capital improvements. In order to complete the $2,500,000 in capital improvements, SRB sought financing through nonparty NDH Capital Corporation (hereinafter NDH), a loan broker for the plaintiff, Phoenix Life Insurance Company (hereinafter Phoenix). Phoenix was unwilling to commit to make the loan to SRB because SRB did not have any collateral to secure the loan. However, following negotiations between SRB, NDH, Phoenix, and the Town, the Town agreed, inter alia, that should SRB default on its loan obligation, the Town would pay to Phoenix a "Termination Payment" which equated to all amounts due or becoming due under the loan. In June 2012, the Town and SRB executed a second amendment to the concession agreement memorializing this agreement. The second amendment to the concession agreement was executed on behalf of the Town by the Town Attorney, Leonard Genova. In addition, outside counsel for the Town, Harris Beach, PLLC, and a Deputy Town Attorney, Frederick Mei, provided opinion letters stating, inter alia, that the second amendment to the concession agreement was a valid and binding obligation upon the Town. Phoenix then loaned SRB $12,273,748.80 based on the Town's agreement to pay all outstanding [*2]amounts due under the loan upon SRB's default.
SRB ultimately defaulted on the loan and Phoenix informed the Town that the Termination Payment was due and owing. Genova responded that the second amendment to the concession agreement was "null and void" because, among other reasons, it purported to "make the Town a guarantor of the Concessionaire's loan, which violates Article VIII, § 1 of the New York State Constitution," and it was not "authorized by a Town Board resolution, as required under New York State Town Law § 64(6)." Phoenix commenced the instant action, asserting in its second amended complaint causes of action alleging breach of contact, unjust enrichment, innocent and negligent misrepresentation, and fraud. The Town moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the second amended complaint as time-barred and for failure to state a cause of action. The Supreme Court denied the Town's motion, and the Town appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Sokol v Leader, 74 AD3d 1180, 1181). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Pursuant to Town Law § 64(6), town boards "[m]ay award contracts for any of the purposes authorized by law and the same shall be executed by the supervisor in the name of the town after approval by the town board." "Absent strict compliance with the formal requirements of this statute, no valid contract binding a Town may be found to exist" (Verifacts Group v Town of Babylon, 267 AD2d 379, 379). "Even where municipalities have accepted benefits, they will not be held liable under unauthorized agreements" (Goldberg v Penny, 163 AD2d 352, 353). "A party contracting with [a municipality] is chargeable with knowledge of the statutes which regulate its contracting powers and is bound by them" (Parsa v State of New York, 64 NY2d 143, 147). Here, the second amended complaint failed to allege that the second amendment to the concession agreement was approved by the Town Board and, therefore, it failed to state a cause of action to recover damages against the Town under a breach of contract theory (see Atalaya Asset Income Fund II, LP v HVS Tappan Beach, Inc., 175 AD3d 1370; Infrastructure Mgt. Sys. v County of Nassau, 2 AD3d 784; Goldberg v Penny, 163 AD2d at 353; see also Parsa v State of New York, 64 NY2d at 149; JFK Holding Co., LLC v City of New York, 68 AD3d 477).
Contrary to Phoenix's contention, the attachment to the second amended complaint of the Town Board's Resolution 605-2010, which, inter alia, authorized the Town's representatives to execute amendments to SRB's concession agreement for $3.5 million of additional capital improvements, did not satisfy the requirement that compliance with Town Law § 64(6) be pleaded as to the $12.5 million second amendment to the concession agreement actually executed in June of 2012. Furthermore, under the "term limits rule," Resolution 605-2010 was not valid in 2012, which was beyond the 2010 Town Board's time in office (see Matter of Karedes v Colella, 100 NY2d 45, 50), and Resolution 605-2010 did not contain any language authorizing the Town to enter into the guarantee of the SRB loan that is the subject of this appeal.
"[A] governmental entity may ratify a contract made on its behalf which it has the authority to make even if the contract was initially invalid because the person who executed it did not have the requisite authority" (Elia v Highland Cent. School Dist., 78 AD3d 1265, 1269). "Such agreements not previously approved by the governing body may be ratified by subsequent conduct, such as making payments pursuant to the agreement, which is inconsistent with any other supposition than that [it] intended to adopt and own the act done'" (id. at 1269-1270, quoting Seif v City of Long Beach, 286 NY 382, 387). Here, Phoenix failed to allege facts which, if true, would [*3]establish that the Town Board ratified the second amendment to the concession agreement (see Seif v City of Long Beach, 286 NY at 386-387; cf. Town of Babylon v Tully Constr. Co., 242 AD2d 703).
The second amended complaint also fails to state a cause of action to recover damages against the Town under a theory of unjust enrichment. "Where the Legislature provides that valid contracts may be made only by specified officers or boards and in specified manner, no implied contract to pay for benefits furnished by a person under an agreement which is invalid because it fails to comply with statutory restrictions and inhibitions can create an obligation or liability of the [municipality]" (Seif v City of Long Beach, 286 NY at 387; see Casa Wales Hous. Dev. Fund Corp. v City of New York, 129 AD3d 451, 451). "The creation of an obligation against [a] town, by way of contract, cannot be founded upon omission of action by the town officials, but must be the result of an affirmative determination to create the obligation in the form and manner provided by statute" (Gardner v Town of Cameron, 155 App Div 750, 759, affd 215 NY 682; see Seif v City of Long Beach, 286 NY at 387).
The second amended complaint further fails to state causes of action alleging innocent misrepresentation, negligent misrepresentation, or fraud. Since Phoenix is charged with knowledge of the statute prohibiting the Town from loaning its credit to a private corporation (see Parsa v State of New York, 64 NY2d at 147), the second amended complaint failed to allege facts supporting its assertion that Phoenix's reliance upon the representations of Harris Beach, Mei, and Genova was justifiable. Furthermore, the second amended complaint failed to allege any facts showing that there was a special relationship between the Town and Phoenix which approached privity to support the negligent misrepresentation cause of action (see generally Perfetto v CEA Engrs., P.C., 114 AD3d 835). The second amended complaint also alleges fraudulent intent in a bare and conclusory manner without any supporting detail (see generally GFRE, Inc. v U.S. Bank, N.A., 130 AD3d 569; Greenberg v Blake, 117 AD3d 683).
Finally, the misrepresentation and fraud causes of action are time-barred by the one year and 90-day statute of limitations for commencing actions against a municipality (see General Municipal Law § 50-i). The second amended complaint alleges that Phoenix relied upon the alleged misrepresentations in 2012 when it made the loan to SRB (see Fandy Corp. v Lung-Fong Chen, 262 AD2d 352, 353). Because Phoenix is charged with knowledge of the law governing the Town's authority to guarantee the repayment of a loan on behalf of a private party, the alleged fraudulent misrepresentations could have been discovered with reasonable diligence at the time that they were made in 2012. Since the instant action was not commenced until 2016, these causes of action were time-barred.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court