HSBC Bank USA, N.A. v Burns (2020 NY Slip Op 05727)





HSBC Bank USA, N.A. v Burns


2020 NY Slip Op 05727


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2019-10559
 (Index No. 502109/19)

[*1]HSBC Bank USA, N.A., etc., respondent,
v
Stephanie Burns, et al., defendants, Louis Burns, appellant.


Reingold & Tucker, Brooklyn, NY (Abraham Reingold and Jordan Tucker of counsel), for appellant.
Greenberg Traurig, LLP, New York, NY (Leah N. Jacob of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Louis Burns appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 23, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him on the ground that the mortgage was void ab initio.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The relevant facts are set forth in our decision and order on a companion appeal (see Citibank N.A. v Burns, __ AD3d__ [Appellate Division Docket No. 2019-10557; decided herewith]).
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Phoenix Life Ins. Co. v Town of Oyster Bay, __ AD3d __, __, 2020 NY Slip Op 04607, *2 [2d Dept], quoting Leon v Martinez, 84 NY2d 83, 87-88). Where, as here, evidentiary material was submitted and considered on the motion to dismiss and the motion was not converted into one for summary judgment, "'the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate'" (U.S. Bank N.A. v Herman, 174 AD3d 831, 832, quoting Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Here, the allegations in the complaint were sufficient to state a cause of action to foreclose a mortgage. The submissions of the defendant Louis Burns (hereinafter the defendant), including the deed dated February 4, 2002, evidencing his transfer of the real property located on Clarkson Avenue in Brooklyn to his daughter Stephanie Burns and the written agreement between [*2]himself and Stephanie dated February 25, 2002, were insufficient to warrant dismissal of the complaint on the ground that the mortgage was obtained under false pretenses and void ab initio. Specifically, the deed, which was recorded, demonstrates that Stephanie was the record owner of the subject property when she executed the subject mortgage loan in April 2005. Thereafter, the mortgage was recorded on May 18, 2005. The separate written agreement limiting Stephanie's ability to mortgage or encumber the subject property was not recorded. The defendant failed to submit any evidence that the plaintiff's predecessor in interest knew or should have known of the existence of that agreement. Thus, the defendant failed to submit evidence sufficient to warrant relief pursuant to CPLR 3211(a)(7).
The defendant's remaining contentions are either without merit or not properly before this Court.
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court